Jacks *a.* Darrin.

---

### JACKS *a.* DARRIN.

*New York Common Pleas ; Special Term, January,* 1855.

COSTS.—REVERSAL OF JUSTICE'S JUDGMENT.

On the reversal of a judgment of a justice of a district court, the appellant is entitled to those costs of the court below, to which he would have been entitled if the proper judgment had been rendered there.

Appeal from taxation of costs by the clerk.

This case was brought into this court on appeal from the judgment of a district court, and that judgment was reversed.[*] The appellant, who was the plaintiff below, desired the clerk to include in the amount of costs to be inserted in the entry of judgment awarded to him, the costs to which he would have been entitled had judgment been rendered in his favor in the court below.   This the clerk refused to do, and appeal was taken from his decision.

*P. Van Antwerp,* for appellant.

*W. R. Stafford,* for respondent.

INGRAHAM, F. J.—The question submitted to me in this case is, whether, on a reversal of a judgment of an inferior court, the appellant is entitled to the costs of the court below, which he would have been entitled to if the proper judgment had been rendered there.

---

See *Ante,* 148.

By the 371st section of the Code, the party succeeding in the appeal is to receive the fees and costs therein specified, and no other except disbursements. These costs so specified evidently were intended as the compensation for the services on the appeal, and the disbursements must likewise be limited to disbursements made during the appeal. By the 354th section, provision is made for the repayment to the appellant, when successful, of the costs of the court below, paid by him on appealing. By the 330th section, in case of a reversal of the judgment, the court is to restore the appellant to all property and rights lost by the erroneous judgment. If the proper judgment had been rendered in the court below, the appellant would have recovered his costs there. This was a right given him by the statute, of which he was deprived by the erroneous judgment below, and which the courts should make restitution by ordering it now to be paid.

This section has received a similar construction by Judge Welles, in the case of Estus *v.* Baldwin, (9 *How. P. R.*, 80).

The court, however, must make such restitution, and it cannot be done as a matter of course by the clerk. The better course probably would be to submit with the appeal papers the application for costs, in case of reversal, with the certificate of the clerk below of the amount of costs, and in such case the order could be made on deciding the appeal.

In this case the parties have submitted all the facts, and the order can now be made directing the clerk to include in the bill of costs the amount as certified to by the clerk of the Marine Court.

The clerk was right in rejecting the item of costs paid by the appellant on his appeal. That money remains with the court below, and as before stated, is to be repaid by the justice in case of reversal. The respondent has never received it, and it should not form part of any judgment against him.

No costs allowed on this motion to either party.